UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
PATRICIA CAMPBELL,                              MEMORANDUM AND ORDER
                                                15-CV-5169 (JG)
                Plaintiff,

        -against-

LOIS ROSENBLATT,

                Defendant.
-----------------------------------------------------------x

JOHN GLEESON, United States District Judge:

By order dated September 4, 2015, the United States District Court for the Southern District of New York transferred the instant action to this Court. The Court grants plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a), solely for the purpose of this order. For the reasons discussed below, the complaint is dismissed for lack of subject matter jurisdiction.

## BACKGROUND

Plaintiff alleges that defendant Lois Rosenblatt, Queens County Public Administrator, "made a crank phone call" to her and sent "girls" to her apartment building to harass her. Compl. at ¶ 3 (c). Plaintiff claims that the girls would "relieve themselves" on the grounds of her apartment building, forcing plaintiff to move out of her residence. *Id.* Plaintiff further alleges that "some woman" cracked her teeth and attempted "to destroy her hearing." *Id.* Plaintiff seeks to have this Court "restrain" defendant from "any association" with her. Compl. at ¶ 4, V. Plaintiff also seeks to have defendant's law license revoked. *Id.*

DISCUSSION

A. *Standard of Review*

Under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an in forma pauperis action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." An action is "frivolous" when either: (1) "the 'factual contentions are clearly baseless,' such as when allegations are the product of delusion or fantasy"; or (2) "the claim is 'based on an indisputably meritless legal theory.'" *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (internal citation omitted). Section 1915 "provide[s] an efficient means by which a court can screen for and dismiss legally insufficient claims." *Abbas v. Dixon,* 480 F.3d 636, 639 (2d Cir. 2007) (citing *Shakur v. Selsky,* 391 F.3d 106, 112 (2d Cir. 2004)).

Moreover, at the pleadings stage, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 123 (2d Cir. 2010) (citing *Ashcroft v. Iqbal,* 556 U.S. 662 (2009)). Nonetheless, a complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citations omitted); *see also Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 191-93 (2d Cir. 2008).

B.  *Federal Question Jurisdiction*

Lack of subject matter jurisdiction cannot be waived and may be raised at any time by a party or by the Court *sua sponte*. *See Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011) ("[F]ederal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction, and therefore they must raise and decide jurisdictional questions that the parties either overlook or elect not to press."). If a court lacks subject matter jurisdiction, it must dismiss the action. Fed.R.Civ.P. 12(h)(3); *Durant, Nichols, Houston, Hodgson & Cortese-Costa, P.C. v. Dupont,* 565 F.3d 56, 62 (2d Cir. 2009) ("If subject matter jurisdiction is lacking and no party has called the matter to the court's attention, the court has the duty to dismiss the action *sua sponte*.").

The basic statutory grants of subject matter jurisdiction are contained in 28 U.S.C. §§ 1331 and 1332. Federal subject matter jurisdiction exists only where the action presents a federal question pursuant to 28 U.S.C. § 1331, or where there is diversity jurisdiction pursuant to 28 U.S.C. § 1332. *See Arbaugh v. Y & H Corp.*, 546 U.S. 500, 513 (2006). "The party invoking federal jurisdiction bears the burden of establishing that jurisdiction exists." *Conyers v. Rossides*, 558 F.3d 137, 143 (2d Cir. 2009) (quoting *Sharkey v. Quarantine*, 541 F.3d 75, 82 (2d Cir. 2008) (internal quotation marks omitted)).

Plaintiff asserts that this Court has federal question jurisdiction. Even when liberally construed, however, his complaint does not present a federal question. "A plaintiff properly invokes § 1331 jurisdiction when she pleads a colorable claim 'arising under' the Constitution or laws of the United States." *Arbaugh*, 546 U.S. at 513 (citing *Bell v. Hood*, 327

3

U.S. 678, 681-85 (1946)). Plaintiff has not raised any issue arising under federal law or any other basis for this Court's subject matter jurisdiction.

Whereas the Court would ordinarily allow plaintiff an opportunity to amend her complaint, *see Cruz v. Gomez*, 202 F.3d 593, 597-98 (2d Cir. 2000), it need not afford that opportunity here where it is clear from plaintiff's submission that she cannot establish a basis for this Court's subject matter jurisdiction and thus any attempt to amend the complaint would be futile. *See Cuoco v. Moritsugu,* 222 F.3d 99, 112 (2d Cir. 2000) (denying leave to amend a *pro se* complaint where amendment would be futile); *Hunt v. Alliance N. Am. Gov't Income Trust, Inc.*, 159 F.3d 723, 728 (2d Cir. 1998) ("[I]t is proper to deny leave to replead where there is no merit in the proposed amendments or amendment would be futile.").

## CONCLUSION

Accordingly, plaintiff's complaint is dismissed for lack of subject matter jurisdiction. Fed.R.Civ.P. 12(h)(3); 28 U.S.C. § 1915(e)(2)(B). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

So ordered.

JOHN GLEESON, U.S.D.J.

Dated: November 10, 2015
      Brooklyn, New York